## SAMUEL A. REED v. WILLIAM ROARK.

A note in pencil is valid (and proves its contents) while it is legible.

It seems that where a note is written in pencil, to go over it with ink is not a ma-
terial alteration, and will not vitiate it, although it be done without the consent
of the maker, by a party claiming under it.

In order to raise the objection that a note has been fraudulently altered, (in this
case the note was filed with the petition, and prayed to be taken as part thereof,)
the maker must allege, under oath, not only the alteration, but also that it was
not made by his authority, nor with his consent.

Appeal from Panola. Suit by the appellee against the appel-
lant. The petition alleged, and made part thereof, a receipt of
the defendant to plaintiff, dated in 1836, for certain claims, for
collection, and an endorsement thereon in 1850, acknowledging

$150 to be due thereon, with interest since October 1, 1836. The defendant answered under oath, admitting that he had endorsed on the receipt an "acknowledgment of a certain amount of money due thereon to the plaintiff," but alleging that he made the endorsement in pencil; that "the endorsement now upon the said receipt is in ink," and that he had never made "any such endorsement in ink." Exceptions to the answer were sustained. At the trial the defendant offered to prove "that the "due bill endorsed on said receipt had been altered; objected "to by plaintiff, and ruled out by the Court, there being no "plea authorizing it."

*Donley & Anderson*, for appellee.

WHEELER, J. The defendant pleaded, under oath, admitting the making of the note in pencil, but denying the making of it by writing with ink. The Court sustained exceptions to the plea. A note in pencil is valid while legible. (Chit. on Bills, 126–7.) It is not averred that the note in question had become illegible; and there can be no such intendment in favor of the plea. The note, being admitted to have been made in pencil, is to be taken to have been a valid note; and there being no other alteration than the making in ink what was before in pencil, that was not an alteration of the note in any material part. It did not vary its legal effect. An alteration in any part of a bill or note which is not material, though without consent, will not invalidate it. An alteration which does not vary the meaning of an instrument will not avoid it, though made by a party claiming under it. (Id. 184, n.) The alleged alteration, therefore, from pencil to ink, did not invalidate the note, even if made without the authorization or consent of the defendant. But it is not averred that it was not made by his authority or with his consent. The plea, therefore, was rightly adjudged insufficient; and the judgment is affirmed.

Judgment affirmed.