THE STATE to the use of J. P. MUELLER, ADM'R OF THE ESTATE OF GEORGE PFAUTSCH, dec'd, Respondent, *vs.* OTTO MANNIG AND RUDOLPH C. SCHLENDER, Appellants.

1. *Principal and surety—Extension of time— Contract—Concurrence of surety —Pleading.*—The surety on a bond will not be discharged by reason of an extension given to his principal, unless the time was extended by virtue of a contract made by the creditor with the principal, and without the concurrence of the surety. And the extension cannot be pleaded as a defense by the surety unless these facts be set up.

*Appeal from the Gasconade Circuit Court.*

*Henry Flanagan,* for Appellants.

I. The answer alleged, and the motion to strike out, admitted, that when the judgment was rendered, England was able to pay it, and hence, the agreement to stay execution for four months during which his property was swept away by other parties, deprived the sureties of their recourse upon England and it was, therefore, a fraud upon them. The plaintiff having made his election with a full knowledge of his remedies, he is concluded by that election. (Beedy vs. Bengert, 1 Ham. (Ohio) 157; Winterbowen vs. Haycroft, 7 Bush., [Ky.] 57; Hendrickson vs. Hinckley, 17 How., [U. S.] 443; Burton vs. Hynson, 14 Ark., 32.) The remedy against the clerk under the statute and which is highly penal, merges the other remedies, and the plaintiff in adopting it waived all others.

II. The extension of four months and the treble damages formed the basis of a valid and binding contract. The agreement to suspend the execution was enforcible at law. We submit, therefore, that it discharged the sureties. (Calvin vs. Wiggin, 27 Ind., 489; Robinson vs. Miller, 2 Bush., [Ky.,] 412; Howe vs. Railroad, etc., 37 N. Y., 297; Brooks vs. Wright., 13 Allen, [Mass.,] 72.) In Bullit's Ex'r vs. Winston, 1 Munf., 267, the Court of Appeals of Virginia held, that the surety was discharged on the ground, that the creditor who held a judgment against the principal, had by a letter addressed to the sheriff, countermanded the execution against

the principal. And in the Commonwealth vs. Miller,(8 Serg. & Rawle, 458), the Supreme Ct. of Pennsylvania held, that when the creditor has the means of satisfaction in his own hands and chooses not to hold it, the surety is discharged. "If the creditor does any act for the ease of the principal without the privity of the surety, by which the *security is injured or exposed to injury*, that act may be laid hold of for the surety's relief;" per Gaston, Judge, in Cooper, etc. vs. Wilcox, 2 Dev. & Bat. Eq., 91. (Brown vs. Riggins, 3 Ga., 405; Rees vs. Berrington, 2 Ves. Sr., 540; Law vs. East M'd Co., 4 *Id.* 833; Clark vs. Niblo, 6 Wend., 236.) The answer clearly shows, that the sureties have been prejudiced by the act of the creditor.

III. After judgment, the rule is more stringent as against the creditor. He then has the property of the principal debtor in his power and he lets it go at his peril; he is a trustee for the sureties and he must not jeopard their interests without their consent by any act or omission of his (Lennox vs. Prout, 3 Wheaton, 520; Bay vs. Tallmadge, 5 Johns. Ch., 305; Rathbone vs. Warner, 10 Johns., 591; Nelson vs. Williams, 2 Dev. & Bat. Eq., 118; Thomas vs. Young, 15 East., 617, and cases cited.)

IV. The answer tendered a good defense and it was error to strike it out.

*Seay & Kisskaddon,* for Respondent.

I. An agreement by the creditor to enlarge the time of payment of a debt unless it is made upon such consideration or in such form as to be binding upon the creditor, and to estop him from suing the principal does not discharge the surety. (McLemore vs. Powell, 12 Wheat., 554; Nichols vs. Douglas 8 Mo., 49.) To constitute an extension of time to the principal by the creditor as a discharge of the sureties, there must be a new and valid agreement between the creditor and principal varying the original contract. (King vs. Baldwin, 2 Johns. Ch., 554; S. C. 2 Am. Lead. Cases, 364; see also, U. S. vs. Simpson, 3 Penn., 437; Farmers' B'k vs. Reynolds, 13

Ohio, 84; Lenox vs. Prout, 3 Wheat., 520; Baker vs. Marshall, 16 Vt., 522.) No such contract is stated in defendant's answer. The debt being established under the statutory proceeding in question, the plaintiff was entitled to treble damages at all events, and he could obtain it without granting further time. And mere delay in calling upon the principal will not discharge the surety. Cases cited, *supra*, and Wells vs. Mann., 45 N. Y., 327.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit to the use of J. P. Mueller, administrator of the estate of George Pfautsch, deceased, brought in the Gasconade Circuit Court against Mannig and Schlender, sureties on the official bond of Joseph C. England as clerk of said Circuit Court, on account of certain sums of money alleged to have been collected by said England as such clerk on fee bills; and which sums he had failed to pay over to George Pfautsch, deceased, to whom it was alleged in the petition they should have been paid.

The defendants answered, pleading the statutory general issue, and also special matters to the effect that a suit had been previously brought against England alone on account of the same matters alleged in the petition as a cause of action in the present suit; that England and said administrator had adjusted and settled the claims of the said administrator against England, by the latter permitting judgment to go against him in said court for treble the amount the administrator claimed; that this judgment was rendered in 1870; that the administrator, in consideration of England so permitting judgment to go for treble the amount of his claim, granted and agreed to a stay of execution for four months; that, at the time of the rendition of that judgment and for some time thereafter, England was seized and possessed of property, both real and personal, amply sufficient to satisfy the judgment, but, that in consequence of such agreement, the administrator did not enforce the collection of the judgment, and, by reason thereof, others converted and appropriated England's property and effects

This special matter, on motion of the plaintiff, was stricken out. The defendants refused to amend. The plaintiffs introduced testimony tending to establish the allegations of the petition. The defendants were refused permission to introduce evidence in support of that portion of their answer which had been stricken out. The court then gave judgment for the plaintiff, and this cause comes here on appeal.

The whole case turns upon the sufficiency of the special matter, upon which defendants relied as a bar to plaintiff's action. For if no error was committed in striking that out, certainly none occurred upon the refusal to admit evidence in support of that portion of the answer which had been adjudged insufficient. The precise point, as above presented, has not, that I am aware of, ever been passed upon, certainly not in this State. The rule, however, is well settled that the surety will not be entitled to a discharge, unless a valid agreement for extension of time to the principal has been made between the latter and the creditor, and this, too, without the assent of the surety. Thus, Chancellor Kent, in King vs. Baldwin, 2 Johns. Ch., 555, in discussing the effect of the creditor granting delay to the principal, says: "All the cases of relief of surety have gone upon the ground that time was given to the principal by contract, without consent of the surety. The doctrine is, that the surety is bound by the terms of his contract; and, if the creditor, by agreement with the principal debtor, without the concurrence of the surety, varies these terms by enlarging the time of performance, the surety is discharged, for he is injured and his risk is increased." To the same effect, see Com. on Cont. 266, 267, et seq., and cas. cit.; 2 Pars. Cont., 22–4 and cas cit.; Oberndorf vs. Union Bank, 31 Md., 126, and cas. cit.

It will be perceived, then, that only when time, granted to the principal by contract with the creditor, is superadded to absence of sanction on the part of the surety, that the exoneration of the latter will be accomplished. And, since these elements of extension of time on the one hand, and approval of such extension on the other, must unite in order to operate as

the discharge of him who has bound himself to answer for the default of another, it would seem to follow as a necessary and logical sequence, that whenever it becomes material to his defense to plead such discharge, he should so frame his pleading as to make it sufficiently comprehensive to embrace the above stated grounds, upon which his reliance must ultimately rest.

If this view be correct, the answer of the defendants was clearly defective in not alleging, in addition to its other allegations, that the contract therein referred to was made without their consent.

Judgment affirmed. All the judges concur.