HENRY F. EATON *vs.* CHARLES WAITE *et als.*

Washington, 1876.—January 11, 1877.

*Promissory notes.*

A verbal offer of a surety to give a bond to the creditor to save him harmless from all costs if he will sue the principal, unaccompanied by the tender of such bond, is not sufficient to discharge the surety if such action is not brought.

The payment of extra interest by the principal, followed by a mere forbearance to sue, is not, of itself, sufficient evidence to prove that such payment was the consideration for the forbearance, the burden being upon the surety to establish that fact in order to entitle him to discharge from his suretyship.

ON REPORT.

ASSUMPSIT, on note as follows: "$1,331.20. Calais, Dec. 1, 1870. Ten months after date, for value received, we promise to pay H. F. Eaton, or order, thirteen hundred and thirty-one dollars and twenty cents, at Calais National Bank. Principal, C. Waite & Co., surety, James S. Hall. [Indorsements.] Jan. 30, 1873, received on the within, two hundred ninety-five dollars and twenty cents. Jan. 30, 1873, received on the within, one hundred eight dollars and sixty-four cents."

*Plea*, never promised, with an account in set-off in behalf of C. Waite & Co.

In behalf of Hall, the brief statement was:

I. That the plaintiff extended the time of payment to the principals on the note for a valuable consideration.

II. That the plaintiff extended the time of payment on account of business transactions between the principal defendants and himself, without the knowledge or consent of the surety, Hall.

III. That the plaintiff extended and enlarged the time of payment on account of a running account between him and the principal defendants, or promisors, of the note.

IV. That the plaintiff was requested by the surety to commence an action against the promisors and the surety; the said surety, at the same time telling the plaintiff where the property of the Waites was, and offering to go with an officer and point out the same, and also offering to give the plaintiff a bond with sureties

to pay all costs and damages, and to hold him harmless in every matter if he would commence action.

V. That after the said request, offer and promise, the plaintiff had a settlement with the said Waites, in which account there was found to be due the Waites, on account, eleven hundred and forty-four dollars and ninety-four cents, and that the Waites have since paid the plaintiff, two hundred and thirty dollars.

It was admitted that there was due Waite & Co. on their account in set-off, $72.14. Also that the interest mentioned in the indorsement "to Jan. 30, 1873," is $262.48, and that amount was paid by C. Waite & Co. on settlement of the account of that date, as interest on the note to that date.

Hall testified that two years or more after the date of the note, the plaintiff told him that he had such a note; to which he replied he thought not; that the plaintiff afterwards showed him the note; that he requested the plaintiff to sue it; was willing himself to be sued with the principals; that the plaintiff was afraid if he sued that Waite & Co. would go into bankruptcy; that he told the plaintiff that he had examined the records and knew there was property enough that could be secured; that if the plaintiff would commence a suit, he would give the plaintiff a bond to hold him harmless of all costs in any way, on account of the suit because he knew there was property enough unincumbered to pay the note; did not know that he said anything about saving him harmless from damages; that he told the plaintiff that he would take the sheriff with him and show him the property.

The defendants put in, statement of account between C. Waite & Co. and the plaintiff as follows, dated 1872, May 11, and consisted of items of labor of men, and of lumber, etc., of    $89 70

Note and interest, . . . . . . . . . . . . . .   587 26

Interest on note,   . . . . . . . . . . . .   262 48

To amount indorsed on note to bank, . . . . . .   295 20

                                             $1234 64

CREDIT.

By amount of your bill, . . . . . . . . . . . $1128 73

Balance due on Whidden Bros. account, . . . . .   105 91

                                             $1234 64

"Settled as above, St. Stephens, January 30, 1873, H. F. Eaton.

Waite and Sons are to drive all the old logs said Eaton now has in Hill brook and Jim Brown brook into the main river, free of charge, as the same has been settled for. Error in casting interest settled and indorsed on note."

The plaintiff put in, statement of account from July 3, 1871, to January 20, 1873, consisting mostly of charges in log driving operations with other charges for lumber, etc., amounting to $1234 64

CREDIT.

"By amount of account, . . . . . . . . . . . $939 44

By indorsed on note, . . . . . . . . . . . .     295 20

                                                 ─────────

                                                 $1234 64

Calais, January 30, 1873. E. E. Settled, C. Waite & Co."

After the evidence was out, the parties agreed that a default should be entered for the amount due on note, less $72.14 due to defendants on the account in set-off, and that the case should be reported to the law court; and if upon the evidence legally admissible the defendants, or either of them, have a defense to the note, the default is to be taken off and the action stand for trial, otherwise judgment on the default.

*A. McNichol,* for the defendant, Hall, contended that the plaintiff was obliged to commence an action when requested by Hall, under his offer of indemnity; and cited *Kennebec Bank* v. *Tuckerman,* 5 Maine, 130; *Adams Bank* v. *Anthony,* 18 Pick. 238.

Also, that the evidence showed that he postponed, an unreasonably long time, the collection of this note, which was secured by Hall's signature, in order to apply payments to other notes and indebtedness of C. Waite & Co. not thus secured; and farther contended that the reception of large extra interest on past indebtedness would justify the inference that it was in consideration of future forbearance; in any view, that it showed a change of contract, the making of a new contract with the plaintiff, whereby he received fifteen per cent interest, when the note on its face called for but six per cent.

*E. B. Harvey,* for the plaintiff, cited *Strafford Bank* v. *Crosby,* 8 Maine, 191; *Crosby* v. *Wyatt,* 23 Maine, 156; *Freeman's Bank* v. *Rollins,* 13 Maine, 202.

DICKERSON, J.

The request of a surety, to the creditor, to sue the principal, does not, in general, secure his release, at common law, if such suit is not brought. That effect, for such sole cause, follows only in cases where the statute makes provision for notice. There being no statute upon this subject in this state, the rights of the parties must be determined according to the rule of the common law. *Leavitt* v. *Savage*, 16 Maine, 72, 73. *Page* v. *Webster*, 15 Maine, 249, 256. *Frye* v. *Barker*, 4 Pick. 382. *Halsted* v. *Brown*, 17 Ind. 202.

We do not perceive sufficient ground to relieve the surety from liability, on the facts testified to by him. No bond was given or tendered by him to the principal to save him harmless for costs that might arise on compliance with the surety's request. At most, there was the mere verbal promise of the surety to furnish such bond. We do not think that this was sufficient to require the plaintiff to proceed against the principal at the peril of discharging the defendant. The promise and liability of the surety are co-extensive with those of the principal. The plaintiff's remedy attaches alike to both principal and surety. No mere verbal request, or offer to give a bond of indemnity, for the plaintiff to sue the principal, unaccompanied by the tender of such bond, is sufficient to discharge the defendant from his suretyship.

While it is undoubtedly true that additional time of payment given to the principal by the creditor, under a valid agreement, without the consent of the surety, discharges the surety; we do not think that the payment of extra interest by the principal to the creditor, followed by mere forbearance to sue, is, of itself, sufficient evidence to show that such payment was the consideration for the forbearance. The extra interest paid may, or may not, have been the consideration for the forbearance. The burden is upon the defendant to show that it was. Having failed to do that, he is not entitled to prevail upon this branch of the defense.

> *A default to be entered for the amount due on the notes less seventy-two dollars and fourteen cents.*

BARROWS, J. There is no evidence of any contract for forbear-

ance between the payee and the principal promisor. The payee might have paid the note and sued the principal at any time. I concur.

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred.