# W. H. TRUESDELL

## v.

# W. F. HUNTER.

*Principal and Surety—Note—Extension—Pleading—Discretion as to Order and Time—Burden of Proof—Affidavit of Merits—Motion to Strike Pleas from Files.*

1. The order and time of pleading rests in the sound discretion of the trial court, and the action of that court is not subject to review, unless it appears that such discretion has been improperly exercised to the prejudice of the party complaining.

2. An extension of time that will operate to release a surety on a promissory note must be for a definite time, without the consent of the surety, and upon a new and sufficient consideration.

3. In an action against a surety on a promissory note, the burden of proof to support pleas of alteration and extension is upon the defendant.

4. Where an affidavit of merits is attached to the declaration, the defendant has no right to file pleas without an affidavit of merits.

5. In the case presented, the affidavit attached to the general issue, putting in issue the signature of the note, was not such an affidavit of merits as the statute requires, and the court should have allowed the plaintiff's motion to strike the pleas from the files.

[Opinion filed December 8, 1888.]

APPEAL from the City Court of Elgin County; the Hon. A. H. BARRY, Judge, presiding.

Messrs. R. M. IRELAND and JAMES COLEMAN, for appellant.

While it is, no doubt, law, that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time to the principal, the surety is discharged, yet it is equally the law that "mere passiveness or delay in proceeding against the principal will not discharge the surety." Pearl v. Welman, 11 Ill. 352. "All that a surety has a right to require of a creditor, in the absence of a statute provision, is that no affirmative act be done that will operate to his prejudice." Villars v. Palmer, 67 Ill. 204. "To discharge a

surety by reason of an extension of the time of payment, there must not only be a sufficient consideration, but the time must be definitely fixed." Gardner v. Watson, 13 Ill. 347.

The extension of time of payment, even for a definite period, leaving the rate of interest the same, has never, so far as we are aware, been held to be a contract founded on a sufficient consideration to be valid, and to release the surety. In the case of Dodgson v. Henderson, 113 Ill. 364, the Supreme Court has pushed the principle to the farthest verge of which we know, when they say that if the time of payment is extended to a definite time, and the principal debtor agrees to keep the money that time, and pay the interest promptly at the expiration of the time, there is a sufficient consideration for the promise to extend the time of payment, and the surety will be released.

The statute requires that the defendant " shall file with his plea an affidavit stating that he verily believes he has a good defense to said suit upon the merits, to the whole, or a portion of the plaintiff's demand," etc. Sec. 37, Practice Act. If there had been no plea but that of the general issue filed, the statute might have been substantially satisfied; but there was a special plea also on file, and the effect of a verification simply of the plea of the general issue would be to swear that he, the defendant, had a good defense, such as might be made under the general issue, but would necessarily exclude any verification of a defense to be made under a special plea. An affidavit in conformity with the statute would have covered any defense that could have been made under either the plea of the general issue or any special plea. But the defendant having seen fit to confine his verification simply to the general issue, the special plea not being verified in fact nor even by implication, he should have been confined to a defense under the general issue, and the special plea should have been stricken from the files upon the plaintiff's motion. The court's refusal to do so, we submit, was error. "Where the statute requires plea to be accompanied by affidavit of merits, a plea unaccompanied by such affidavit should be stricken from the files." Filkins v. Byron, 72 Ill. 101.

Messrs. J. A. RUSSELL and H. B. WILLIS, for appellee.

The appellant contends that it was error on the part of the trial court to permit the filing of such plea by the defendant Hunter. We believe it has been uniformly held by the Supreme Court of this State, that the granting of such leave is a matter which rests in the sound discretion of the court and can not be assigned for error except upon an apparent abuse of such discretion by the court. Drake v. Drake, 83 Ill. 526; Knickerbocker Ins. Co. v. McGinnis, 87 Ill. 70.

The law is well settled that any alteration of a note, however slight, by one having an interest therein, which changes the terms of the contract, will avoid the note or instrument thus altered, if made after the delivery of the same, without the knowledge or assent of the makers. Gardiner v. Harback, 21 Ill. 129; Benedict v. Minard, 58 Ill. 19; Burwell v. Orr, 84 Ill. 465; Kelley v. Trumble, 74 Ill. 428.

A successful defense could be made to the note in question by the defendant, Hunter, on account of such alteration, and the leave was properly granted.

C. B. SMITH, J.   This was an action of assumpsit on the following note:

"$250.                                ELGIN, Dec. 13, 1880.

"On or before one year after date we, or either of us, promise to pay to the order of W. H. Truesdell $250, at the Home National Bank of Elgin, value received, with interest at 8 per cent. per annum.

"No. 531.   Due Dec. 13, 1881.

"G. H. SHERMAN,
"WM. F. HUNTER."

Hunter alone was served and the case was tried as to him.

The defendant first pleaded the general issue and one special plea, setting up that he signed the note as surety and that the payee had extended the time for payment one year to the principal debtor for a consideration without the knowledge or consent of this defendant, wherefore he was discharged, etc.

After the pleadings were in this condition, defendant asked and obtained leave to withdraw the general issue for the purpose of obtaining the opening and closing before the jury. The cause then proceeded to trial and Hunter was placed on the stand to prove his signature, and then he stated that he signed the note, but that the note had been altered since he signed it, and that the words "*on or before*" had been added and the words "*or either of us*" had been interlined since he signed it.

The defendant then asked and obtained leave to file another plea denying the execution of the note, and then filed the general issue sworn to against the objection of the plaintiff.

The trial then proceeded resulting in a verdict for defendant. A motion for new trial was overruled and judgment rendered on the verdict against the plaintiff. The plaintiff brings the case here on appeal and asks for a reversal of the judgment and assigns the usual errors.

The plaintiff complains of the action of the court in first allowing the general issue to be withdrawn and then allowing it to be again filed so as to put the signature and alleged alteration of the note in issue. In this there was no error. The order and time of pleading rests in the sound discretion of the court and is not subject to review by this court unless the court can see that the discretion has been improperly exercised to the prejudice of the partly complaining. Upon this issue made on the alteration of the note by the sworn plea of the defendant, we think the proof fails to show the alteration.

The charge in the plea amounts to a charge of forgery and the burden is on the defendant to establish the charge. The plaintiff positively denies it, and all the evidence in support of the plea is of a very uncertain and unsatisfactory character. But we think the changes charged to ·have been made in the note are immaterial and presented no defense, even if they had been made. .

The legal aspect of the note was not changed. The alleged changes gave the plaintiff no right he did not before have nor cast any additional burdens on the makers of the note.

We think the defendant also failed to establish his defense

made under his special plea which set up an extension of time. To make this defense availing and successful it is the settled law of this State that there must be a new, valid and binding contract between the payee and principal maker of the note (without the consent of the surety), capable of legal enforcement. The time for which the extension is made must be a part of the agreement and fixed, and it must be upon a sufficient consideration. This was held in Gardner v. Watson, 13 Ill. 347.

Counsel for appellee contend that this rule is relaxed in Dodgson v. Henderson, 113 Ill. 360, but we do not think so. On the contrary, we think the facts in the case come fully within the rule laid down in Gardner v. Watson, *supra.*

The time for which the extension was made was definitely fixed to a certain day named and the maker agreed to keep the money until that time and to pay the interest annually.

The agreement to extend to a certain day on the one hand and the agreement to keep the money until that day by the other party, was a valid and binding agreement capable of enforcement by either party, and the agreement to pay the interest annually, which was not expressed in the note, was a sufficient consideration to support the mutual promises even if such consideration was needed to support the mutual promises. Now, do the facts established by the proof in the case at bar bring this case within the rule? We think not. Upon appellee's own testimony there is a clear failure to show that, even if the time was extended to a definite date, he had agreed on his part to keep the money or to do anything, in fact, except what the note already required him to do. But, even upon the point of fixing any day or time to which the extension was made, appellee's own testimony is too indefinite and uncertain to establish that point in his favor. His statements are directly contradicted by appellant as to any definite time being fixed for the extension.

The burden of proof was on appellee to support this plea upon all its material averments and we think he failed to do so.

Appellant alleged error in the action of the court in refusing to strike appellee's pleas from the files on his motion, for

want of an affidavit of merits to his pleas.   The declaration had the common counts and an affidavit of merits attached.

Under the statute the defendant had no right to file pleas without an affidavit of merits on his part.   The affidavit attached to the general issue putting in issue the signature of the note was not such an affidavit of merits as the statute requires.   The court should have allowed appellant's motion to strike these pleas from the files and in failing to do so there was error.   For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*