SOUTHLAND LIFE INS. CO. v. STEWART et al.   (No. 8176.)

(Court of Civil Appeals of Texas. Dallas. April 19, 1919.)

1. PRINCIPAL AND SURETY ☜59, 97 — RELEASE OF SURETY—ALTERATION OF OBLIGATION.

The liability of a surety cannot be extended beyond the terms of the contract out of which his obligation arises, and if the contract is altered without his consent his obligation ceases, regardless of whether alteration is to his injury or to his advantage.

2. PRINCIPAL AND SURETY ☜104(1) — RELEASE OF SURETIES — CHANGE IN OBLIGATION.

Where debt, for payment of which sureties were obligated, was originally in the form of open account and bore interest at the rate of 6 per cent., the execution of notes, without sureties' consent, by principal to creditor in settlement of the open account, extending time for payment and bearing interest at the rate of 8 per cent., and providing for a 10 per cent. increase for payment of attorney's fees, released the sureties, being a material change in their obligation.

3. BILLS AND NOTES ☜94(2)—CONSIDERATION—SETTLEMENT OF INDEBTEDNESS.

Settlement of indebtedness on open account bearing 6 per cent. interest, and execution of notes extending time of payment and providing for 8 per cent. interest, and 10 per cent. increase in the event of collection by an attorney, is supported by a valuable consideration and is binding upon the parties.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. JUDGMENT** ⬅628 — MERGER — JOINT LIABILITY.

Where liability of sureties upon a bond is joint and several a judgment in favor of one does not discharge the other.

**5. JUDGMENT** ⬅98 — DEFAULT — CODEFENDANTS.

In suit against two sureties on a bond, where one surety failed to appear and answer, and plaintiff's petition stated a cause of action against him, and was sustained by proof, plaintiff was entitled to judgment against such surety notwithstanding the other defendant surety pleaded and proved facts entitling him to release and discharge.

**6. PRINCIPAL AND SURETY** ⬅156 — ACTION AGAINST SURETIES—ALTERATION OF OBLIGATION—BURDEN OF PROOF.

In action against sureties where defense is alteration of obligation, the sureties must plead and prove facts entitling them to a discharge by reason of alteration.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Southland Life Insurance Company against Ross A. Stewart, Durward McDonald, and Dean A. Cone. Judgment for plaintiff against defendant first named, and from that portion of the judgment discharging the two defendants last-named plaintiff appeals. Affirmed in part, and reversed and rendered in part.

Seay & Seay, of Dallas, for appellant.
Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellees.

TALBOT, J. The appellant sued Ross A. Stewart, Durward McDonald, and Dean A. Cone to recover the principal, interest, and attorney's fee due on 24 promissory notes signed by Stewart, and upon a bond executed by McDonald and Cone as sureties, to secure a certain indebtedness of Stewart to appellant.

The material facts are as follows:

On May 25, 1914, Ross A. Stewart entered into a written contract of agency with the appellant, the Southland Life Insurance Company, substantially providing that said Stewart was to represent the appellant as a solicitor and salesman for life insurance contracts. The contract set out the compensation Stewart was to receive and the mutual rights, duties, and liabilities of the respective parties. On the same date, to wit, May 25, 1914, Ross A. Stewart, as principal, and Durward McDonald and Dean A. Cone, as sureties, made and entered into a bond with the Southland Life Insurance Company, which reads thus:

"Know all men by these presents that Ross A. Stewart, of 511 W. Seventh St., Ft. Worth, Tex., as principal, and ———, of ———, and ———, of ———, as sureties, acknowledged themselves indebted unto the Southland Life Insurance Company of Dallas, Tex., in the sum of $500, for the payment of which sum to said company, or its successors or assigns, they hereby jointly and severally bind themselves, their heirs, executors, and administrators.

"The bond, however, is conditioned as follows: Whereas, by a written contract of agency, dated May 25, 1914, the above-named principal has been constituted an agent of said Southland Life Insurance Company, and has undertaken to perform the duties of such agency in accordance with the terms of said contract; and, whereas, it is contemplated that said contract of agency may be renewed, altered, or extended from time to time, and that said principal in the course of the prosecution of his agency under said contract, or some renewal, alteration, or extension thereof, may be associated with some other person acting as his associate agent or subagent; and, whereas, it further is contemplated that said principal may become indebted to said company for advancements made by it in connection with his agency, or otherwise may become indebted to it in connection with the prosecution of his agency:

"Now, therefore, if the above-named principal shall perform well and faithfully all the duties and obligations undertaken by him in said agency contract first above mentioned, or in any renewal, alteration, or extension thereto, and if he shall pay over promptly to said company all moneys and funds of whatsoever kind coming into his possession by reason of his agency, and if he shall discharge promptly all indebtedness and liability of whatsoever kind growing directly or indirectly out of the business of his agency, whether for advances or otherwise, and whether existing against himself solely or against himself and any associate agent or subagent, and if, upon demand, he shall return promptly to the company all its supplies and property of whatsoever kind in his possession or charge, then this bond shall become null and void. Otherwise, it shall remain in full force.

"It is agreed that any other note or other security of any kind received at any time by said company from said principal shall not operate to discharge this bond, but shall be deemed merely an additional security; and it is further agreed that no failure of the company to exercise diligence in the supervision and collection of said principal's accounts, and no grant to him of an extension of time for the payment of any indebtedness, shall operate to discharge this bond, but that the same shall remain in full force and effect until discharged by its actual payment in cash, or by the satisfaction upon the part of the principal of all the terms and conditions thereof.

"And said principal and sureties further obligate themselves to pay any and all attorney's fees, charges, or expenses which the said Southland Life Insurance Company may incur by reason of being compelled to sue on this bond, or place a claim under same in the hands of an attorney for collection, and agree that in case they shall be sued on said bond that said suit may be instituted and maintained in any court

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in Dallas county, Tex., having jurisdiction of the amount sued for.

"In testimony whereof, the said parties obligors have hereunto set their hands this the 25th day of May, A. D. 1914.

"(Signed) Ross A. Stewart, Principal.
"Durward McDonald,
"Dean A. Cone, Sureties."

Under the aforesaid contract of agency, and in the prosecution of his duties under such agency contract, Ross A. Stewart became indebted to the Southland Life Insurance Company on open account in the sum of $235.27. Said Stewart also became indebted to appellant in the sum of $18.60 for matters and things not connected with his contract of agency. On October 21, 1916, all of the indebtedness of said Ross A. Stewart to the Southland Life Insurance Company was past due and unpaid, and said company accepted the promissory notes sued on to cover both the indebtedness of $235.27 and $18.60, whereby appellant for a valuable consideration extended the term of payment of said indebtedness for a definite time. Stewart having defaulted in the payment of the said notes, this suit was filed by appellant against him and Durward McDonald and Dean A. Cone, as sureties on the bond above set out, for the entire amount due upon said indebtedness. The defendants Ross A. Stewart and Dean A. Cone did not appear, but wholly made default. The defendant Durward McDonald appeared and contested the suit, so far as appellant sought to recover against him, on the ground that appellant had settled the account by taking a series of notes bearing interest and attorney's fees without his consent. The case was tried by the court without a jury, and a judgment was rendered on July 1, 1918, in favor of the Southland Life Insurance Company against Ross A. Stewart for the full amount sued for, and in favor of the defendants, Durward McDonald and Dean A. Cone. The appellant, Southland Life Insurance Company, appealed to this court from that portion of the judgment discharging Durward McDonald and Dean A. Cone.

It is assigned that—

"The court erred in rendering judgment for the defendants Durward McDonald and Dean A. Cone for the reason that they undertook by their contract of suretyship to guarantee the payment of any indebtedness which their principal, Ross A. Stewart, might owe the plaintiff for advancements made by it in connection with his agency, or for any other indebtedness which he might owe the plaintiff in connection with the prosecution of his agency; and said sureties did guarantee that said Ross A. Stewart would discharge promptly all indebtedness and liability of whatsoever kind growing directly or indirectly out of the business of his agency, whether for advances or otherwise, and they did further agree that any note, or other security of any kind, received by plaintiff from their principal would not operate to discharge the bond, but should be deemed merely an additional security."

[1] The question for decision is, Did the taking of the notes sued on by the appellant, the Southland Life Insurance Company, of date October 21, 1916, closing Ross A. Stewart's open account with it, extending the time of the payment thereof, and providing for interest at rate of 8 per cent. per annum from the date of the execution of said notes until paid, and for 10 per cent. of said notes as attorney's fees in case Stewart failed to pay them and they were put in the hands of attorneys for collection, discharge the appellees Durward McDonald and Dean A. Cone as sureties on the bond of the said Stewart? It is settled law in this state that the liability of a surety cannot be extended beyond the terms of the contract out of which his obligation arises, and if the contract be altered without his consent the contract ceases to be his, and with that ceases his obligation. And this is true whether he sustains injury by the alteration or it be to his advantage. Ryan v. Morton, 65 Tex. 258; Casey-Swasey Co. v. Anderson, 37 Tex. Civ. App. 223, 83 S. W. 840; Westbrook v. National Bank, 97 Tex. 246, 77 S. W. 942.

[2] Obviously, there was a material change in the contract between appellant and Ross A. Stewart. The debt for the payment of which the sureties, McDonald and Cone, obligated themselves by the execution of the bond mentioned was originally in the form of an open account and bore interest at the rate of 6 per cent. per annum. By the terms of the notes sued on, and which were taken in settlement of the open account, the time of payment was extended for a definite time and the interest increased to 8 per cent. per annum. This alone was such an alteration of the contract as released the sureties. But in addition thereto the notes provided for the payment of a certain amount, namely 10 per cent. of the principal and interest thereof, in the event they were not paid at maturity by Stewart and placed in the hands of an attorney for collection. The bond executed by the appellee McDonald and his co-surety Cone, and upon which it is sought to hold them liable for the payment of each and all of the notes in question, stipulated for the payment of attorney's fees, but for no specified amount, and the new undertaking of Stewart by which he agreed to pay appellant the specified amount of attorney's fees was an alteration of his original contract with appellant and the obligation assumed by the sureties in the execution of the bond.

[3] The new contract and arrangement entered into between appellant and Ross A. Stewart for the payment of the indebtedness due by the latter to the former was supported by a valuable consideration and binding

upon them. The appellee McDonald never assented to this contract and arrangement at the time made. In fact he knew nothing about it until after its consummation, and has never in any manner approved, ratified, or confirmed it. By its terms the debt for which he and his cosurety became bound has been enlarged and an obligation not assumed by the terms of the original undertaking imposed. Appellee McDonald cannot, therefore, be held bound therefor. The provisions of the bond executed by them have been carefully examined and considered. Neither of them, in our opinion, can be relied on to extricate the case from the rule announced. The pleadings and facts show that appellant's suit was upon a materially different contract from that upon which the sureties were bound, and as is said by Mr. Brandt in his work on Suretyship, § 338:

"No principle of law is better settled at this day than that the undertaking of the surety, being one strictissimi juris, he cannot, either at law or in equity, be bound farther or otherwise than he is by the very terms of his contract. Neither is it of any consequence that the alteration in the contract is trivial, nor even that it is for the advantage of the surety."

The surety has the right to stand upon the very terms of his contract. Fidelity & Deposit Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 871, and authorities cited.

[4-6] The second assignment of error complains that the court erred in not rendering judgment against Dean A. Cone as surety on the bond declared on by the appellant, because he defaulted, did not appear and answer, urged no defense whatever, nor sought the benefit of his cosurety's defense. This assignment, in our opinion, is well taken. The plaintiff's petition was not subject to a general demurrer, and stated a cause of action which entitled it to a judgment against Dean A. Cone in case of default. Cone, although duly cited, did not appear or file any answer whatever. The liability of McDonald and Cone as sureties on the bond executed and delivered by them to the appellant was joint and several, and the judgment of the court in favor of the former did not have the effect to discharge the latter. Therefore Cone having failed to appear and answer in the suit, and appellant's petition having stated a cause of action against him and being sustained by proof, it was entitled to a judgment against him, notwithstanding his cosurety, McDonald, pleaded and proved a state of facts which entitled him to a release and discharge. In such a case the pleadings and proof of the surety answering, and a judgment in his favor, do not inure to the benefit of the defaulting surety. There seems to be a contrariety of opinion, however, on the question of whether the burden is on the creditor to prove that the surety consented to an extension of time or alteration of the contract or upon the surety to prove that he did not consent thereto. But the effect of the holding of the Court of Civil Appeals for the Fourth District of this state in the case of Connor v. Thornton, 51 S. W. 354, is that the surety must plead and prove the facts that entitle him to a discharge by reason of such extension or alteration, and many cases decided by courts of high standing in other jurisdictions, which we choose to follow, are to the same effect. The following are some of those cases: Truesdell v. Hunter, 28 Ill. App. 292; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456; Guderian v. Leland, 61 Minn. 67, 63 N. W. 175; Washington State Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; State v. Mannig, 55 Mo. 142; Sachs v. American Surety Co., 72 App. Div. 60, 76 N. Y. Sup. 335; Columbia Finance Co. v. Mitchell, 72 S. W. 350; Eaton v. Waite, 66 Me. 221; Bramble v. Ward, 40 Ohio St. 267. The surety Cone in this case did not appear and plead that he had been discharged by reason of an alteration or extension of the time for the performance of the contract out of which his obligation arose without his consent, and appellant was entitled to judgment against him. Therefore the judgment of the county court will be affirmed as to Durward McDonald, and as to Dean A. Cone it will be reversed, and judgment here rendered against him in favor of appellant.

Affirmed in part and reversed and rendered in part.