**EMPLOYMENT ADVISORS, INC.,**
**Petitioner,**

**v.**

**W. P. SPARKS, Jr., Respondent.**

No. A–9518.

Supreme Court of Texas.

May 15, 1963.

Rehearing Denied June 19, 1963.

Nielsen & Pakis, Waco, for petitioner.

Copeland & Walker, Waco, for respondent.

PER CURIAM.

This is an action for damages based upon the breach of a rental contract by a lessee. The lessor as plaintiff recovered a judgment in the trial court and the Court of Civil Appeals affirmed. 364 S.W.2d 478.

It is asserted by petitioner (lessee) that the trial court did not submit the proper issues whereby the damages accruing to the respondent for the period of time extending from the date of trial to the date of the expiration of the lease contract could be properly measured. The case was submitted to the jury on July 21, 1962, and the lease will expire on May 31, 1963. A period of approximately ten months and ten days was thus involved. The trial court awarded to respondent the full rentals called for in the lease ($90.00 per month), as the jury answered "0" dollars to Special Issue No. 2 which read as follows:

> "From a preponderance of the evidence, if any, what do you find to be the amount of money Plaintiff (respondent) will receive, if any, for the property in ques-

tion after the use of due diligence, if any, to obtain tenants from the date of trial to June 1st, 1963?"

It is petitioner's contention that the proper measure of damages for the period from date of trial to date of expiration of the lease was the difference in the amount of rentals contracted for in the lease and the rental value of the premises for the remainder of the term, which would be the reasonable cash market value of a lease on the premises for a period of ten months and ten days—from July 21, 1962, to June 1, 1963. See, John Church Co. v. Martinez (1918), Tex.Civ.App., 204 S.W. 486, wr. ref., opinion on rehearing, p. 489; Annotation, 85 L.Ed. 352; 32 Am.Jur. 157, Landlord and Tenant, § 161, 1962 Pocket Part, p. 16.

We express no opinion as to the correctness of petitioner's contention because its objections to the charge of the court did not distinctly point out to the trial judge that Special Issue No. 2 submitted an assertedly improper measure of damages. Rule 274, Texas Rules of Civil Procedure.

The application for writ of error is refused, no reversible error.