**Eddie CUNNINGHAM et al., Appellants,**

**v.**

**R. W. McPHERSON & ASSOCIATES, INC.,**
**Appellee.**

No. 4327.

Court of Civil Appeals of Texas.

Waco.

June 17, 1965.

Rehearing Denied July 8, 1965.

Heath, Rosenthal & Atlas, Houston, for appellants.

Kucera, Lay & Lightfoot, Houston, for appellee.

WILSON, Justice.

Appellee R. W. McPherson & Associates, Inc., sued appellants, Cunningham Brothers, alleging breach of an express contract to pay for grain handling equipment and costs of installation furnished by McPherson. It was alleged that the "agreed price for such machinery and equipment was the just, fair and reasonable price thereof, or reasonable cash value thereof, or the published catalog price thereof, or in case of the steel storage bins the dealer's price thereof." Alternatively McPherson sued on an implied contract to pay "the fair cash value" of the equipment labor and services rendered.

The jury found McPherson furnished the equipment at Cunninghams' request and with the latter's knowledge. Special Issue No. 6 inquired, "What sum of money do you find from a preponderance of the evidence to have been the reasonable value to Cunningham Brothers of the material and placement done by R. W. McPherson & Associates, Inc."? The jury answered $32,500. Negative findings were made, in effect, as to existence of an express contract.

■ Appellants contend the recovery on a quantum meruit theory was waived under Rule 279, Texas Rules of Civil Procedure because no issue necessarily referable to this ground of recovery and necessary to sustain it was submitted. We have doubt that it can be said this contention is assigned in the motion for new trial. Nevertheless, the furnishing of goods and services at defendants' instance which are knowingly accepted by him are elements of, and are necessarily referable to quantum meruit as a ground of recovery. Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031, 1034. It is undisputed that equipment and installation was furnished and accepted.

■ Complaint is made of the submission of Special Issue No. 6 over appellants' objection that it submitted value to McPherson rather than "reasonable value" of the material and placement cost. We question also whether this point was assigned properly in the motion for new trial. In any event, if the point be considered, and if there is error in submission of the issue, it is favorable to appellants. See 5 Williston, Contracts (rev. ed.) Sec. 1482. The asserted error is harmless.

■ Catalogue sheets of the dealer from whom appellee procured most of the equipment in question were admitted in evidence over appellants' objections that they were self-serving, hearsay and not the best evidence. There is evidence that these sheets were used by McPherson in the original pricing to the Cunninghams and upon which the alleged express contract was based. Appellee had pleaded the express contract (found not to exist) was based on the published catalogue, or dealer's price of the equipment. The exhibits were admissible as against the objections as constituting evidence of the agreement of the parties to establish a part of the express contract alleged. Goode v. Ramey, Tex. Civ.App., 48 S.W.2d 719, writ ref.; 17A C.J.S. Contracts § 593. Invoices based on and derived from these catalogues were also admitted over objections which were tenable, but their admission was harmless since the information was made available and admitted in admissible form.

Appellants' points 6–10 and 13 were not preserved for review by objection or by assignment in the motion for new trial. All appellants' points have been considered and are overruled.

■ Appellee's cross point complains of that portion of the judgment by which the trial court disregarded findings of the jury that it was necessary for McPherson to employ an attorney and a reasonable attorney's fee was $5000.00. There was no notice or motion to disregard the findings

as provided by Rule 301, Texas Rules of Civil Procedure. The basis upon which these findings were disregarded is not disclosed by the record. Absent a motion, the trial court is authorized to set aside a finding and grant a new trial, or to render judgment in conformity with the verdict, but is without authority to disregard a finding. The latter power is restricted to that given by the Rule. It may not be done on the court's own motion. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972; Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526, 528.

█ We have no jurisdiction to pass upon the cross point, however, because the complaint was not in any manner called to the attention of the trial court. The trial court "must be apprised of any complaint or objection the successful party has to the judgment." West Texas Utilities Co. v. Irvin, 161 Tex. 5, 336 S.W.2d 609, 610. Affirmed.