**W. F. HESTER, Appellant,**

v.

**ROSS, BANKS, MAY, CRON & CAVIN, et al., Appellees.**

**No. 5239.**

Court of Civil Appeals of Texas, Waco.

Feb. 21, 1973.

Rehearing Denied March 22, 1973.

David J. Nagle, Houston, for appellant.

Talbert, Giessel & Stone, Henry Giessel, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that he take nothing in suit for damages for asserted fraud by defendants, in securing a judgment against plaintiff in a prior case.

In 1966 Federal Sign, represented by attorneys Ross, Banks, Cron and Cavin, sued Pine Center Inc. for money due on a sign lease contract, and sued W. F. Hester as a guarantor of the contract. Default judgment was entered against Pine Center and Hester on January 30, 1967.

In 1972 plaintiff Hester filed this suit against defendants Federal Sign and their attorneys, alleging fraud in obtaining the 1967 judgment, in that Hester was not liable on his guaranty, since the contract had been altered and modified; that the alteration was not guaranteed by Hester, which fact was well known to defendants. Plaintiff sought damages in the amount of the 1967 judgment, plus attorneys' fees and punitive damages.

Defendants filed a general denial; and moved for summary judgment alleging plaintiff failed to state a cause of action entitling him to any relief.

The trial court rendered summary judgment plaintiff take nothing.

Plaintiff appeals on one point: "The court erred in rendering summary judgment against appellant W. F. Hester."

Plaintiff asserts his liability as guarantor in the prior suit was discharged by a modification of the contract; that defendants knew this; and fraudulently caused default judgment to be entered against him.

 The rule is that a surety or guarantor is discharged by a material alteration or modification of the contract between the debtor and creditor, without such surety or guarantor's consent. Straus-Frank Co. v. Hughes, 138 Tex. 50, 156 S.W.2d 519.

But the burden is on the surety or guarantor to plead and prove modification or alteration without his consent, in order to be entitled to discharge from liability. The burden is not on the creditor to plead and prove that the surety consented to the modification, but on the surety to plead and prove that he did not consent thereto. General Bonding & Casualty Ins. Co. v. Beckville Independent School Dist., Tex.Civ. App.., er. ref., 156 S.W. 1161; Southland Life Ins. Co. v. Stewart, Tex.Civ.App., n. w. h., 211 S.W. 460; Reed v. Roark, S. Ct., 14 Tex. 329; 53 Tex.Jur.2d 658.

Thus defendants herein were under no duty as plaintiffs in the 1966 case to present affirmative defenses for plaintiff, defendant in such suit; and plaintiff here, defendant in the 1966 case, filed no answer in that case.[1]

Plaintiff's point is overruled.

Affirmed.

---

1. Material allegations of fact in plaintiff's petition which are not denied by proper pleading are taken as admitted; Brill v. Guaranty State Bank, Tex.Com.App., 280 S.W. 537.