**RELIANCE INSURANCE COMPANY,**
Appellant,

v.

**DAHLSTROM CORPORATION, Appellee.**

**No. 5123.**

Court of Civil Appeals of Texas,
Eastland.

July 6, 1978.

Rehearing Denied Aug. 3, 1978.

James A. Ellis, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellant.

Richard L. Jackson, Shuford, Jackson & Miller, Dallas, for appellee.

BRADBURY, Justice.

This is a suit by Dahlstrom Corporation against Reliance Insurance Company to recover on a performance bond. The trial court, based on the jury's answers to special issues, entered judgment for Dahlstrom. Reliance appeals and we affirm.

Dahlstrom was the prime contractor on the United States Corps of Engineers project at Waurika Lake, Oklahoma. Harpeth Steel, Inc., a subcontractor, agreed to furnish Dahlstrom trashracks, guides and structural steel for a service bridge. Harpeth furnished Dahlstrom a performance bond with Reliance as surety. Harpeth defaulted and went into bankruptcy. Dahlstrom demanded from Reliance the sum necessary to complete Harpeth's contract.

In answer to special issues, the jury found that the date of November 20, 1972, reflected in the bond, was a result of mutual mistake between Dahlstrom and Reliance; that Reliance had ratified liability on the bond; that it had waived any right to complain of any irregularities, as to dates, on the bond; Dahlstrom did not change the specifications for the materials listed in the subcontract after November 30, 1972; Dahlstrom did change the date of delivery for the materials to be supplied by Harpeth; and, on or about November 30, 1972, Dahlstrom's officers and agents knew or should have known that the bond referred to a written agreement dated November 20, 1972.

Reliance did not file a motion for new trial but did file a motion for judgment non obstante veredicto and, in the alternative, for judgment on the verdict. Reliance by reference incorporates its motion for instructed verdict in its motion for judgment. The statement of facts reflects that Reliance dictated to the court reporter objections and exceptions to the charge of the court. The court never ruled on the objections; therefore, they are waived. Rules 272 and 274, T.R.C.P.; *Big Three Welding Equipment Company v. Roberts*, 399 S.W.2d 912 (Tex.Civ.App.—Corpus Christi 1966, writ ref. n.r.e.). Reliance's failure to file a motion for new trial limits our consideration to matters in Reliance's motion for judgment and motion for judgment non obstante veredicto. *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206 (1950); Rule 324, T.R.C.P.; Rule 301, T.R.C.P.

We must determine if there is some evidence to sustain the jury's findings that there was a valid bond with Reliance as surety; financial loss, if any, suffered by Dahlstrom as a result of Harpeth's failure to furnish materials; and, if Reliance ratified liability on the bond.

There is no dispute that Harpeth had filed its petition in bankruptcy; that Dahlstrom had filed its claim under the bond; and, that such claim was denied. Reliance furnished Dahlstrom information as to where to obtain an alternative supply of materials to complete the contract it had with Harpeth, including the cost of such materials. Dahlstrom and Reliance worked together in an effort to secure from a supplier the necessary materials at the lowest attainable cost. Dahlstrom contacted some suppliers but Reliance was able to find materials at a more reasonable cost and Dahlstrom followed Reliance's suggestion in obtaining these materials. Checks drawn on Dahlstrom were admitted without objection evidencing the sums paid for the materials needed to complete the contract.

Reliance argues there was no valid bond because it reflected that Harpeth had entered into contracts with Dahlstrom November 20, 1972, which was an incorrect date. The date line just above the signature for an officer of Dahlstrom bears the date of November 30, 1972. Near the top of the agreement, it bears date of November 14, 1972. Dahlstrom's witness, Jerry Ford, testified that Harpeth executed the contract on November 14, 1972, and sent it to his company, but they could not accept it because it was not accompanied by a performance bond and notified Harpeth to that effect. Harpeth then furnished the bond in question dated November 20, 1972, and after it was furnished Dahlstrom executed the contract with Harpeth and the date of its execution was November 30, 1972. He further testified there was no other bond encompassing the same subject matter between the same parties. The record reflects that the contracts between Harpeth and Dahlstrom gave the same project number, and described the same project as is set out on the bond in question. The jury found there was a mutual mistake of fact, ratification by Reliance, and waiver.

Reliance says that since the bond, the agreement between Dahlstrom and Harpeth and some other documents were inadmissible, there was no evidence to sustain the findings of the jury.

The bond was admissible as an operative fact and the basis of Dahlstrom's cause of action. *Cunningham v. R. W. McPherson and Associates, Inc.,* 392 S.W.2d 145 (Tex.Civ.App.—Waco 1965, writ ref. n.r. e.). It was a basic document included in Dahlstrom's pleadings and not denied under oath; and admissible without other proof. Rule 93(h), T.R.C.P.; *Ship Ahoy, Inc. v. Whalen,* 347 S.W.2d 662 (Tex.Civ.App.— Houston 1961, no writ). The contracts between Harpeth and Dahlstrom were admissible by the provisions of Article 3737e, V.A.T.S. *University Savings and Loan Association v. Security Lumber Company,* 423 S.W.2d 287 (Tex.1967) wherein the court said:

"... A sufficient answer to University's contention that business records should not be admissible against a litigant who was not a party to the business transaction is that the statute does not limit their admissibility to suits between the original parties to the business transaction. We would be reluctant to write the limitation into the statute when the Legislature could easily have done so if it had regarded it as wise ...."

These documents when considered with the letters and other instruments admitted into evidence without objection, together with the matters stipulated, all constitute evidence to sustain the jury's answers which support the judgment. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex. 1974).

Reliance in its motion for judgment and motion for judgment non obstante veredicto argues that Issues 8 and 9 [1] should

---

1. "SPECIAL ISSUE NO. 8: Do you find from a preponderance of the evidence that Dahlstrom

Corporation has sustained any financial loss as a result of the failure of Harpeth Steel Corpora-

be disregarded because there was no allegation, competent evidence, or jury finding as to the "reasonable cost" of completing performance of the subcontracts as the bond provided. Reliance argues that Issues 8 and 9 are immaterial issues because they submit an improper measure of damages. Dahlstrom's cause of action sought damages not only for reasonable cost of completing performance of the subcontracts, but other damages as well. There was sufficient evidence from Dahlstrom's witness, Jerry Ford, and there was correspondence in evidence sufficient to support the jury's findings on the damage issues. Issue 9 was too broad; however, the issue as drawn was sufficient to include the reasonable cost of completing performance of the subcontracts. Before the charge was given to the jury, Reliance objected to the submission of Issues 8 and 9 but did not obtain a ruling from the court on such objection and not having filed a motion for new trial, the defect in the manner in which the issues were submitted was waived. Rule 274, T.R. C.P.; *Howell v. Bowden,* 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref. n.r.e.); *McCreless Properties, Ltd. v. F. W. Woolworth Co.,* 533 S.W.2d 863 (Tex.Civ.App.—San Antonio 1976, writ ref. n.r.e.).

Reliance argues it is not liable under the bond because the date of delivery of the service bridge and trashracks was changed without its consent.

▮▮ Release of a surety's liability on an altered contract is an affirmative defense which must be proved by the surety asserting the defense. *General Bonding & Casualty Ins. Co. v. Beckville Independent School Dist.,* 156 S.W. 1161 (Tex.Civ.App.—Texarkana 1913, writ ref'd). The jury found in answer to Special Issue 6 that the delivery date specified in the contract was changed. Reliance did not request an issue on whether the change of delivery date enhanced its risk of injury or whether it was in fact injured. Unless either of these facts are conclusively established by the evidence, Reliance's defense fails.

In *Old Colony Insurance Company v. City of Quitman,* 163 Tex. 144, 352 S.W.2d 452 (1961), the court found the contract alterations prejudiced the rights of the surety as a matter of law. The court stated:

". . . Respondent, by its acts, in not requiring compliance with the contract, prevented the happening of either of these possibilities and thereby prejudiced a right of petitioner as surety going to the whole contract. The situation is therefore not one where the contract deviations failed to prejudice or damage the surety but is one where there is injury to the surety as a matter of law going to the whole contract obligation."

In the instant case, the contract obligated Harpeth to furnish certain trashracks, guides and structural steel for a service bridge. The contract additionally provided:

"The Seller shall be excused for delays in the performance in whole or in part of any contract made on the basis of this proposal resulting in whole or in part from any cause beyond the control of the Seller . . . Estimated delivery is made as closely as possible and we endeavor especially to make shipments within time promised."

We cannot hold under these facts that the change of delivery date affected the whole contract obligation so as to prejudice the surety as a matter of law. Reliance failed to discharge its burden of proving all elements necessary for its defense.

---

tion to furnish the materials listed in its agreements (Plaintiff's Exhibits 1 and 3)?

Answer 'Yes' or 'No'.

ANSWER: <u>Yes</u>

If you have answered the preceding issue 'Yes' then answer the following issue; otherwise, do not answer it.

SPECIAL ISSUE NO. 9: Find from a preponderance of the evidence the financial loss, if any, sustained by Dahlstrom Corporation as a result of the failure of Harpeth Steel, Incorporated to furnish to Dahlstrom Corporation the materials in question (Plaintiff's Exhibits 1 and 3)?

Answer in dollars, if any, and cents, if any, or more.

ANSWER: <u>$23,078.30</u> ."

Reliance's defense fails for the additional reason that it did not establish in fact or by law its lack of consent to the change of delivery date. In *Hester v. Ross, Banks, May, Cron & Cavin,* 492 S.W.2d 378 (Tex. Civ.App.—Waco 1973, no writ), the court stated:

> "The rule is that a surety or guarantor is discharged by a material alteration or modification of the contract between the debtor and creditor, without such surety or guarantor's consent. *Straus-Frank Co. v. Hughes,* 138 Tex. 50, 156 S.W.2d 519.
>
> But the burden is on the surety or guarantor to plead and prove modification or alteration without his consent, in order to be entitled to discharge from liability. The burden is not on the creditor to plead and prove that the surety consented to the modification, but on the surety to plead and prove that he did not consent thereto. *General Bonding & Casualty Ins. Co. v. Beckville Independent School Dist.,* Tex.Civ.App., er. ref., 156 S.W. 1161; *Southland Life Ins. Co. v. Stewart,* Tex.Civ.App. n.w.h., 211 S.W. 460; *Reed v. Roark,* 14 Tex. 329; 53 Tex.Jur.2d 658."

■ After judgment was entered, Reliance filed a motion to correct the judgment contending Dahlstrom was not entitled to prejudgment interest; the judgment erroneously provided for interest prior to any transaction at issue; and, the judgment erroneously awarded postjudgment interest upon interest and postjudgment interest upon costs. The court reduced the amount of interest before the judgment became final. Reliance did not file a motion for new trial or make any further complaint in the trial court regarding the judgment. Reliance has waived any errors concerning judgment interest. Rule 324, T.R.C.P.

We have considered all of Reliance's points of error. They are overruled.

Judgment of the trial court is affirmed.

RALEIGH BROWN, Justice, dissenting.

I dissent. The performance bond expressly provided the measure of damages to be "the reasonable cost of completing performance." Appellee requested, and the court submitted, an inquiry as to "financial loss", an improper measure of damages not merely an improperly worded damage issue. Appellant in his motion for judgment non obstante veredicto clearly challenged the materiality of the issues. There are numerous cases in Texas that hold by failing to object to an improper measure of damages appellant may not later complain of such submission. *Employment Advisors, Inc. v. Sparks,* 368 S.W.2d 199 (Tex.1963); *Whitson Company v. Bluff Creek Oil Company,* 293 S.W.2d 488 (Tex.1956). Such cases reveal the damage issue was merely improperly worded and failure to object waived the defect or the materiality of the issues was not challenged.

In *McCreless Properties, Ltd. v. F. W. Woolworth Company,* 533 S.W.2d 863 (Tex. Civ.App.—San Antonio 1976, writ ref. n.r. e.), relied upon by the majority, no objection was made that the issues submitted were an improper measure of damages. In the case at bar, objection to the submission of the improper measure of damages as being immaterial was made but such complaint was not included in a motion for new trial. Appellant, however, filed a motion for judgment non obstante veredicto based on the immateriality of the issues.

Special Issues 8 and 9 in the case at bar are immaterial issues. The court erred in failing to disregard the issues as requested by appellant. *Grubb v. Grubb,* 525 S.W.2d 38 (Tex.Civ.App.—El Paso 1975, writ ref. n.r.e.). Appellee waived its right to recover damages as provided in the contract. *Sharp v. Stacy,* 535 S.W.2d 345 (Tex.1976).

I would reverse and render the cause.