### CUDAHY PACKING COMPANY v. J. W. SHEPARD.

Decided October 26, 1904.

**1.—Surety—Release.**

A surety is released by a change in the terms of the original contract by agreement between the principals.

**2.—Principal and Agent—Sale—Surety.**

Sureties for the performance by their principal of his accounting as agent with reference to sales of property made by him were not liable upon a sale made by him with consent of the plaintiff to himself, acting under the firm name of a company.

Appeal from the District Court of Brown tried below before Hon. John W. Goodwin.

*J. Van Steenwyk,* for appellant.—Where a bond is given for the faithful performance of only a certain phase or part of a divisible contract, the bondsmen, in order to set up a release by reason of a change made in the contract, must allege that there was a change in that division of the contract to which their bond relates, or such facts as would show that their liability was affected by the alleged change. 7 Am. and Eng. Ency. of Law (2d ed.), 124, and note 2, p. 150; 8 id., 51.

*G. W. Harrison,* for appellee.—The uncontradicted evidence showing that appellant and Shepard had, before any of the losses ever accrued, by agreement between themselves, without the knowledge or consent of appellees, materially altered the contract in that clause to which the bond sued upon relates, appellees were discharged and it was the court's duty to instruct a verdict for them. Ryan v. Morton, 65 Texas, 258; Clark v. Cummings, 84 Texas, 610-614; Lane v. Scott, 57 Texas, 370, 371; Gardner v. Watson, 76 Texas, 31; Fidelity Mutual L. Assn. v. Dewey, 54 Law Rep. Ann., 945; Crossley v Stanley, 84 Am. St. Rep., 321; Salem v. McClintock, 59 Am. St. Rep., 33; Grasser, etc., Brewing Co. v. Rogers, 67 Am. St. Rep., 389.

The court correctly held that the contract and bond contemplated sales by Shepard to third persons; for who ever heard of a principal creating

an agent to sell that principal's goods to that agent. The contract and bond read together, and in the light of the surrounding circumstances and of the objects and end to be accomplished, will bear no other construction.

Appellant's right to recover depended upon its showing sales to W. P. & P. Co., for which said company failed to pay; but the proof failed to show any sales to said company within the true intent and meaning of the bond, and the court, therefore, properly instructed a verdict for appellees. Woods v. Half, 44 Texas, 635; Cleveland v. Williams, 29 Texas, 204; Goldberg v. Bussey, 47 S. W. Rep., 49; McCormack Harvesting Co. v. Balfany, 79 Am. St. Rep., 393; Lum & Fry v. Hale, 75 S. W. Rep., 359; Rosenberg v. Leopold, 68 Texas, 254.

KEY, ASSOCIATE JUSTICE.—This is a suit upon a bond given by J. W. Shepard, as principal, and H. T. Williams and Brooke Smith, as sureties, for the faithful performance by Shepard of the tenth section of a written contract between Shepard and the appellant.

The defendant, Shepard, made no resistance, and the plaintiff obtained judgment against him. The defendants, Williams and Smith, in addition to their general denial, averred in their answer that plaintiff and the defendant, Shepard, without their consent, had changed the original contract in material matters, thereby releasing Williams and Smith, who were accommodation sureties.

After hearing all the testimony, the trial court instructed a verdict for Williams and Smith, and the plaintiff has appealed.

It was shown by clear and uncontroverted testimony that in material particulars the plaintiff and the defendant, Shepard, had changed the terms of the original contract. It was also shown by the same character of testimony that alleged sales by the defendant, Shepard, to the Western Produce and Provision Company were, in fact, no sales within the meaning of the contract. Shepard, himself, and as sole owner, conducted the business in the name of the Western Produce and Provision Company, and the plaintiff had knowledge of that fact. Hence, we hold that sales to the latter company, if sales at all, were sales made to Shepard, and were not such sales as were contemplated by the contract and covered by the bond.

The trial judge properly instructed a verdict for the sureties, and the judgment rendered upon that verdict is affirmed.

*Affirmed.*