Walter GRABES, d/b/a Continental Machinery Co., Appellant,

v.

REINHARD BOHLE MACHINE TOOLS, INC., Appellee.

No. 67.

Court of Civil Appeals of Texas.

Corpus Christi.

July 29, 1964.

Rehearing Denied Aug. 20, 1964.

**396**

Ernest S. Fellbaum of Swift, Fellbaum, Gettle, Matthews & Malant, Houston, for appellant.

E. P. Dee of Dee & Foster, Houston, for appellee.

GREEN, Chief Justice.

Appellee filed suit on a sworn account against V. Worley and Walter Grabes, individually, and doing business as Continental Machinery Company. Defendant V. Worley filed a sworn denial of the account. Defendant Grabes, appellant here, answered by sworn denial (1) of the account, (2) that he was liable in the capacity in which he was sued, and (3) that he ever did business as Continental Machinery Company. Other pleadings, including a third party cross-action, are in the record, but in view of the verdict, the judgment, and the points raised on this appeal, they become unimportant so far as a discussion of them in this opinion is concerned.

Appellee predicated its suit on several alleged sales to Continental Machinery Company as itemized in Exhibit A of its petition. The sale upon which judgment against appellant was based was of one

"Bohle-Model FU–20, Serial No. 20014, Universal Milling Machine". The purchase price of the machine, after discount, together with extra equipment later furnished, was shown to be $19,244.00. The date of sale was alleged as October 6, 1958.

At the conclusion of the evidence, defendant V. Worley, individually and d/b/a Continental Machinery Company, was, by agreement, dismissed with prejudice, and the third party cross-action was dropped. When the case was submitted to the jury for verdict, the only parties remaining were appellee as plaintiff and Walter Grabes, individually and d/b/a Continental Machinery Company, as defendant. Based on the jury verdict, judgment was rendered for appellee against appellant Walter Grabes, doing business as Continental Machinery Company, for the sum of $10,500.00 debt, plus an attorney's fee of $5,000.00. We affirm the judgment.

Appellant's attorney on this appeal did not participate in the trial of this case.

In his First and Third Points, appellant presents his contention that the answers to Special Issues Nos. I and II are in direct conflict and cannot be reconciled, and that since the judgment is necessarily based on the answer to Issue No. II, the court erred in receiving such verdict, and further erred in rendering judgment based on such conflicting answers. In his Second Point, appellant states that the court erred in overruling his objections to Issues I and II as being duplicitous and as asking for findings on the same ultimate issue of fact in different forms.

We shall first dispose of his Second Point. The transcript contains no objections to the court's charge, and contains no instrument evidencing any ruling by the trial court on any objections.

Rule 272, Texas Rules of Civil Procedure, provides:

"* * * The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dic-

tated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, *and are subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript. * * *"*

■ The statement of facts contains some objections to the charge dictated by appellant's attorney to the court reporter in the presence of the trial court after the close of the evidence and prior to the reading of the charge to the jury. Except as contained in the statement of facts, which was not signed by the trial judge, the objections as dictated were not transcribed, the court's ruling and official signature were not endorsed thereon, and they were not filed with the clerk or included in the transcript. The reporter's notes do not show that the trial court ruled on any objections to Issues Nos. I and II. Under these circumstances, the mandatory provisions of Rule 272 permitting counsel to dictate their objections to the charge and to preserve their exceptions by doing the things required by said rule were not complied with, and we shall consider the charge of the court as though no objections were filed. Gale v. Spriggs, Tex.Civ.App., 1961, 346 S.W.2d 620, writ ref. n. r. e.; Cannon v. Canida, Tex.Civ.App., 1959, 321 S.W.2d 631, writ ref. n. r. e.; Texas General Indemnity Co. v. McNeill, 1953, 261 S.W.2d 378, n. w. h.; Ramsey v. Polk County, Tex. Civ.App., 1953, 256 S.W.2d 425, n. w. h.

Special Issues Nos. I and II of the court's charge, together with the jury's answers thereto, read as follows:

"SPECIAL ISSUE NO. I.

Do you find from a preponderance of the evidence that plaintiff, Reinhard Bohle Machine Tools, Inc., on the date in question, sold to Walter Grabes, individually, the FU 20 Serial No. 20014 Machine in question?

"Answer: 'We do not'."

"SPECIAL ISSUE NO. II.

"Do you find from a preponderance of the evidence that Plaintiff, Reinhard Bohle Machine Tools, Inc., on the date in question, sold to Walter Grabes, doing business as Continental Machinery Company, the FU 20 Serial No. 20014 Machine in question?

"You are instructed that 'doing business' requires more than merely working as an employee or salesman for another party, but requires some business dealing for yourself or on one's own behalf in the conducting or transacting for your own behalf, and not merely an employee or on behalf of another.

"Answer: 'We do'."

It is appellant's contention, in Points 1 and 3 that the judgment should be reversed because the answers of the jury to Issues Nos. I and II are in such conflict as to be fatal to the verdict. In support of his argument, appellant relies upon the test as to conflicting answers as stated by our Supreme Court in Pearson v. Doherty, 1944, 143 Tex. 54, 183 S.W.2d 453, and later restated in Little Rock Furniture Mfg. Co. v. Dunn, 1949, 148 Tex. 197, 222 S.W.2d 985. We quote from the latter opinion as follows:

> "'The test in such [a] case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' * * *

"To apply this test, the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict

on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. * * *"

In the present case, appellant was sued in two capacities, i. e. Walter Grabes, individually, and Walter Grabes, doing business as Continental Machinery Company. The trial court must have decided that there was testimony to support a finding either way; otherwise, he should not have submitted both issues. If these issues were subject to objection as to form or otherwise, such objection was waived by the failure of appellant to properly carry forward any objection which he might have made. Rule 272, T.R.C.P.; Texas Employers Insurance Ass'n v. Neuman, Sup.Ct., 1964, 379 S.W.2d 295.

After the jury answered the first issue "No", meaning that they did not find from a preponderance of the evidence that appellee sold the machine to Walter Grabes, individually, such answer together with the answers given to the remaining issues, excluding the answer to Issue No. II, did not require judgment for appellant. The trial court had submitted an alternate ground of recovery—to-wit, Issue No. II, which inquired what was to the jurors, who were properly not concerned with the legal aspects of the issues, a different question entirely, viz, did they find from a preponderance of the evidence that appellee sold the machine to Walter Grabes doing business as Continental Machinery Company. Surely, considering the definition of the term "doing business as" in Issue No. II, and the fact that the jury was not passing upon issues of law, or of liability as a legal proposition, but were deciding fact issues as plead in the pleadings and raised in the testimony, the answers to these two issues can be reconciled.

"[C]ourts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled." Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, citing Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Texas Indemnity Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, and other authorities.

"It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole." Ford v. Carpenter, 1949, 147 Tex. 447, 216 S.W.2d 558, 562.

Appellant's Points 1, 2 and 3 are overruled.

In his Fourth, Fifth and Sixth Points, appellant submits that the trial court erred in rendering the judgment against him because (4) there is no evidence of probative value to support the affirmative answer to Issue No. II; (5) the evidence is so overwhelmingly against such answer as to shock the conscience, and demonstrates that such conclusion of the jury was wrong, and reached only as a result of passion, prejudice, or improper motive; and (6) the great weight and overwhelming preponderance of the evidence is contrary to such finding. In determining whether the verdict is contrary to the overwhelming preponderance of the evidence, we shall consider all of the testimony, including that which supports and that which is contrary to the jury's answer. Fisher Construction Co. v. Riggs, 1959, 160 Tex. 23, 325 S.W.2d 126.

It is undisputed that by purchase order of September 24, 1958, an unincorporated concern doing business under the trade name of Continental Machinery Company with office in Houston, Texas, ordered from appellee the Bohle-Model FU–20 Milling Machine in question, directing that it be sent to Lake Tool & Supply Company at Liberty, Texas. It is not contested that Lake Tool received this machine. There is ample evi-

dence that Lake Tool has paid Continental the full purchase price, and that Continental has paid appellee $7,937.00, for which credit was duly given.

■ It is appellant's contention, and he so testified by oral deposition, that he had no proprietary interest in Continental Machinery Company and that his sole connection with this transaction was in the capacity of salesman, selling on commission. In his brief he cites the fact that in all correspondence between appellee and Continental and its predecessor, American Tool Engineering, concerning this and other transactions, Continental and American Tool letters and orders were signed with the name "V. Worley" and that all of appellee's letters to American Tool and Continental were directed to "V. Worley". A certificate of ownership under the Assumed Name statute, filed in the office of the County Clerk of Harris County on April 29, 1958, was in evidence. This certificate showed "V. Worley" as the owner of Continental Machinery Company. The checks of Continental in partial payment of the account were signed by V. Worley. Appellant contends that there is no evidence to justify a jury finding that in connection with the transaction in question he was doing business as Continental Machinery Company. He further argues that in all events, such finding was against the overwhelming weight of the evidence.

Appellee takes the view that from a preponderance of the evidence, the jury was justified in concluding that Walter Grabes was the controlling force of the company and that he managed, ran, and controlled Continental's business. Appellee further contends that "V. Worley" was the maiden name of Grabes wife, and that Grabes was in fact doing business as Continental Machinery Company. In this connection, it is interesting to note that Grabes and V. Worley, though filing separate answers, were each represented by the same attorney and that neither appeared in person in court during the trial.

In February, 1958, American Tool Engineering, with office at Bellaire, Harris County, Texas, wrote Bohle, in Germany, asking for information concerning a Texas dealership for their Bohle milling machines. This letter, bearing the signature "V. Worley", was referred to Fred G. Kramer, appellee's manager, at its office in Denver, Colorado. After further correspondence, Kramer and Walter Grabes met in Fort Worth, apparently prior to May 5, 1958. Kramer testified that the purpose of this meeting was "to consummate the arrangements for shipments, and also at the same time requesting permission for me that the name of the company would possibly be changed from American Tool, or whatever it was, to Continental Machinery."

Kramer testified that at this meeting in Fort Worth, Grabes was accompanied by a woman and a teenage boy whom he introduced as his wife Vi, and his son. A word description of V. Worley was in evidence, and Kramer testified such was a description of the woman whom Grabes introduced as his wife. Shortly thereafter, Kramer, in Denver, received a letter written on American Tool letterhead, dated May 5, 1958, signed "V. Worley", ordering sales catalogues and mail literature, and containing the following:

> "We are going to call our company 'Continental Machinery Co.' * * *. We certainly enjoyed the visit with you in Fort Worth and hope you can visit us in Houston soon * * *"

Kramer further testified:

"Q. Now, thereafter, did you meet the same party who signs her name as V. Worley and was introduced as Mrs. Vi Grabes to you in Fort Worth—did you meet them some place else?

"A. Yes. They were guests in my home.

"Q. And where was that, please?

"A. Denver, Colorado.

"Q. And how long were they there?

"A. One day.

"Q. Were they the same three people —the son, Grabes, and his wife?

"A. Yes, sir.

"Q. And that was the same party that wrote you this letter of appreciation, telling you that they enjoyed the visit in Fort Worth with you?

"A. I was quite chagrined to see that signature, 'V. Worley'.

"Q. And you are positive of the identification?

"A. Yes, sir."

A fact issue was raised in the evidence by comparison with known signatures of the defendant V. Worley as to whether the letters bearing that name were actually signed by her. Known standards of the signatures of both defendants were admitted in evidence so that the jury could make such comparisons.

Grabes, on his oral deposition, was asked whether his co-defendant V. Worley was or had been his wife, but he managed to avoid making a direct answer. He did not deny it.

Kramer testified that all of his dealings in connection with the sale of this machine were with Grabes.

"Q. I don't know that I have asked you this question, but have you dealt with anybody with reference to these sales, other than Walter W. Grabes?

"A. Mr. Grabes was the one that I definitely dealt with at all times. * *

"Q. What did he tell you about it when he selected it and ordered it?

"A. That that was the piece of equipment he wanted, and he was going to send a truck out to Pittsburg and he wanted me to be in Pittsburg when that machine would be loaded. * * *"

Other evidence, pro and con, on this issue is contained in the statement of facts, to which we have given thorough study. After careful consideration, we have reached the conclusion not only that there is evidence of probative value to support the answer of the jury to Issue No. II, but also

that such answer is not against the great weight and overwhelming preponderance of the evidence. Appellant's Points 4, 5 and 6 are overruled.

■ Appellant's Seventh Point states that the court erred in admitting Exhibits 20 and 21 in evidence over appellant's objections, since under the provisions of Article 3737e, Revised Civil Statutes of Texas, such exhibits were inadmissible.

According to Fred G. Kramer, general manager of appellee's Denver office in 1958, these exhibits were original ledger sheets taken from the Denver office, kept in the usual and regular course of business and in the regular manner, by a bookkeeper (a C.P.A.) acting under Kramer's general supervision. Kramer stated that he was familiar with these exhibits. Exhibit 20 reflected appellee's account with Continental Machinery Company on the sale of the FU milling machine, giving the date of each entry, and after allowing credit for payments, showed a balance due of $10,646.00. Exhibit 21 is similar to Exhibit 20, except that it refers to another transaction between appellee and Continental which was disposed of favorably to appellant in the court's judgment, and is not involved in this appeal.

The witness Kreft, who succeeded Kramer as appellees' manager in 1960, testified that he is presently custodian of and in complete control of appellee's records and books in the Denver office. He testified without objection that Exhibits 20 and 21 were correct book records of his company.

We find that a sufficient predicate was laid for the introduction of these ledger sheets as original records made in the regular course of business and overrule appellants' Seventh Point. Art. 3737e, V.A.T.S.; Daggett v. Neiman-Marcus Company, Tex. Civ.App., 1961, 348 S.W.2d 796, n. w. h.

■ Appellant's Eighth point reads as follows:

"The court erred in overruling appellant's objections to questions propound-

ed to his attorney of record concerning privileged and confidential matters arising out of a previously existing attorney-client relationship, involving irrelevant and immaterial facts as far as the issues were concerned, but which were nevertheless prejudicial to appellant's position."

The attorney who represented appellant in the trial court was placed on the witness stand and questioned at length (28 pages of the Statement of Facts) by appellee's counsel. He freely and without objection gave description of his client V. Worley, who made no personal appearance in court. Again without objection, he at some length made comparisons between known signatures of the defendants and the signatures on the correspondence in evidence. To some of the questions asked him, he objected on the ground of privilege, and in every instance except one, his objection was sustained. He was asked if he knew whether V. Worley is the maiden name of the wife of Walter Grabes. His objection that the question involved a privileged matter between him and his client was overruled. He, thereupon, answered that he did not know.

Thereafter, at a later stage of the testimony, he stated, without objection, that he did not know of his own knowledge if they (Grabes and V. Worley) are still married.

Appellant has cited no authority in support of his contention. We have given this point our careful study and consideration and find no error calling for a reversal of the judgment.

By his Ninth, Tenth and Eleventh points, appellant submits that the trial court erred (9) in overruling appellant's motion for instructed verdict; (10) in overruling his motion for a mistrial; and (11) in overruling his motion non obstante veredicto. These points do not raise any matters which have not been discussed and disposed of. They are all overruled.

Judgment affirmed.