**Lester W. KETTLE**

v.

**John SMIRCICH.**

**No. 280.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 25, 1967.

L. Taylor Zimmerman, of Bonilla, De-Pena, Reed & Bonilla, Corpus Christi, for appellant.

Guy Allison, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial that Lester W. Kettle, appellant, plaintiff below, take nothing by his suit against John Smircich, appellee, defendant below.

Plaintiff sued for damages because of personal injuries suffered by him in a motor vehicle accident which occurred on June 5, 1965 in Aransas Pass, Texas. Plaintiff was riding in an automobile owned and then being operated by Mr. Curtis Lee Boykin, which was pulling a trailer and small boat. The Boykin vehicle was travelling in a southerly direction and the defendant's vehicle in a northerly direction on State Highway 35 just prior to the collision between them.

The jury verdict in response to the special issues submitted was in substance as follows: (1) defendant did not fail to keep a proper lookout, (2) not answered (proximate cause), (3) defendant was not operating his vehicle at an excessive rate of speed, (4) not answered (proximate cause), (5) defendant did not operate his vehicle across the center line into his left, or plaintiff's lane of traffic at the time of the collision, (6) not answered (negligence), (7) not answered (proximate cause), (8) defendant did not go to sleep immediately prior to the collision, (9) not answered (negligence), (10) not answered (proximate cause), (11) there was no issue so numbered, (12) at or immediately prior to the collision the vehicle driven by Curtis Boykin was partially in the north bound or defendant's lane of traffic, (13) which was the sole proximate cause of the collision, (14) defendant was acting under an emergency at the time of the accident, (15) defendant acted as an ordinary prudent person would have under the same or similar circumstances. In response to issue No. 16 inquiring concerning an amount for medical and hospital services which would reasonably and necessarily be incurred by plaintiff in the future, the jury answered $10,000.00. In response to issue No. 17, inquiring concerning an amount which would reasonably compensate plaintiff for various other elements of damage, including past and future physical pain and mental anguish, loss of earnings and diminished earning capacity, as a result of the accident in question, the jury answered $15,000.00. The parties stipulated the amount of past medical expenses.

Appellant asserts four points of error. It is apparent to us that points 2, 3, and 4 do not present reversible error for the reasons hereinafter stated, and this appeal turns upon point number 1.

Appellant's point 1 asserts in substance that the trial court erred in permitting appellee's witness John Bentley to give opinion evidence as an expert because he was not qualified to do so and that he could not give such opinion or make calculations approximately one year after the accident based upon photographs in evidence and the assumption of facts not in evidence.

Appellant's contention that the trial court erred in permitting Bentley to testify as an expert witness over appellant's objection

that he was not shown to be qualified is not well taken. The witness testified in substance that he was an accident consultant; that he had previously served six years, until 1964, with the Texas Department of Public Safety as a highway patrolman and as an investigator, having been designated by the Department as an expert for reconstruction of accidents and as a witness on the trial of cases; that he went to school while in the Department, took police courses in mathematics and in connection with investigation and reconstruction of accidents; that he had formerly served as a Deputy Sheriff; that he was a high school graduate; that while serving in the military service for four and a half years he had technical schooling involving mathematics, electronic theory and mechanics; that the mathematics studies involved equations, vectors and quadrids; that vectors are important in accident analysis, particularly where two vehicles, each with its own course of travel and force conflict and the different forces act against each other; that he was able to calculate and express the kinetic energies for formulas and apply them to vehicles in motion; that as an accident consultant he goes into the field of reconstruction of accidents, the physical damage and physical evidence and the scene involved; that he applies the principles of physics and mathematics in connection with his work; that he has had experience in interpreting pictures, gouges or marks, such as were involved in this case; that while with the Department of Public Safety he investigated, either by himself or with other persons, about 240–250 accidents per year; that on secondary schooling in the Department he had experience with evaluating physical forces, energy, applying kinetic energy formulas, dealing with test skills, reaction time, speed, angles, marks, gouges, and taking pictures; that he studied many controlled tests involving such factors; that he applied his skills to reconstruction of accidents including rotational or broadside tests where cars were rotating or spinning; that in 1965 he reconstructed 47 accidents for trial, and in 1966, up to the time of trial on May 18th, he had reconstructed about 44 accidents; that he was able to apply his knowledge of physics and kinetic energy to the physical facts that are available; that he had gone to the scene of the accident involved in this suit with officer McGary (who had investigated the accident shortly after its occurrence) a week or so before the trial and had studied the photographs of the scene and of the vehicles involved, which photographs were admitted into evidence by stipulation; that he heard the testimony of officer McGary on the trial of this case, and also heard part of the defendant's testimony. Thereafter, he gave his opinion as to how the accident happened and particularly as to the point of impact. Before he did so, counsel for appellant conducted a voir dire examination of the witness, during which it was developed that he did not have a college degree in physics or mathematics or other subjects and that most of his experience had been practical. At the conclusion of such voir dire examination the trial court overruled appellant's objection that the witness was not qualified as an expert in traffic, and the witness was allowed to continue his testimony. Among other things, Bentley testified that in his opinion the collision in question occurred in the north bound or defendant's lane of traffic, and that the Boykin vehicle, in which plaintiff was riding, was on its left or wrong side of the highway. That opinion supported the defendant's testimony and was contrary to that of Boykin and the plaintiff.

In the case of Mesa Trucking Company v. King, 376 S.W.2d 863, 868, 869 (Tex.Civ. App., Amarillo, 1964, wr. ref., n. r. e.) where the court passed upon objections to expert testimony similar to those made here by appellant, the court said:

"It has been textually stated in Volume 66 A.L.R.2d 1057 that:

"'In a growing number of jurisdictions the courts have held that skilled or expert opinion evidence as to the point of impact or collision is admissible in motor vehicle accident cases upon the ground that a skilled or expert witness can aid the jury

in drawing correct inferences from raw and unsorted facts.'

"Also in Volume 2, McCormick and Ray, Texas Law of Evidence, Section 1401, Page 235, it is said:

" 'The burden of establishing his qualification naturally rests upon the party offering the alleged expert. Whether the person offered possesses the required qualification is a preliminary question to be determined by the trial judge and should not be left to the jury. In the decision of this question our courts have wisely held that the trial judge has a wide discretion not subject to review in the absence of clear abuse.'

"That same text in the same volume at page 220, Section 1395, states:

" 'Furthermore the controlling cases from the Texas Supreme Court do not support any general rule forbidding properly qualified witnesses from giving opinions upon facts which are the ultimate issues in the case. On the contrary it is believed that such opinions are receivable whenever they are likely to be of appreciable aid to the jury in arriving at the correct conclusion.'

"In Bolstad v. Egleson, Tex.Civ.App., 326 S.W.2d 506 (N.R.E.) the court held:

" 'It is for the Trial Court to determine if the proposed witness has had sufficient opportunity for observation and experience in line with the subject under inquiry to entitle him to give his opinion based upon evidence adduced. When the Trial Court, in the exercise of his sound discretion, has determined this matter, the appellate courts will not disturb that decision in the absence of an abuse of that discretion. Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S.W.2d 663.'

"Therefore, under this record and the authorities cited we do not feel justified in saying the trial court abused his discretion in permitting the testimony of Olan Heath."

We believe that the rules stated and the authorities cited in *Mesa* are applicable in the instant case. The trial court, after hearing the testimony as to the qualifications of the witness Bentley on direct and voir dire examination, concluded that he had the educational background and practical experience concerning the subject under inquiry to entitle him to express an expert opinion. We cannot disturb that ruling in the absence of an abuse of that discretion, and we find none here. Mesa Trucking Co. v. King, supra; Bolstad v. Egleson, 326 S.W.2d 506 (Tex.Civ.App., Houston, 1959); and see Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App., San Antonio, 1952, opinion per Norvell, J. wr. ref., n. r. e.). In each of the cited cases, the expert witness was permitted to use photographs of the scene of the accident and the vehicles involved as part of the basis for the opinions given. We overrule appellant's contention concerning the use of photographs admitted in evidence in the instant case. The jury could have accepted or rejected Bentley's testimony and opinion evidence. Counsel for defendant and the trial court made it clear that opinion evidence was being offered and that it was for the jury to ultimately determine the facts.

Appellant's remaining argument under his point No. 1 is that the opinions of the witness Bentley were, in part, based upon the assumption of facts not in evidence, particularly the weights of the vehicles and the boat which was being towed by the Boykin car. The witness Bentley, testified without objection that the weight of the Chrysler automobile, including the driver, was 4550 pounds and that the registered weight of the 1950 Mercury was 3500 pounds. He estimated the weight of the boat and trailer to be 1000 pounds. He later testified that he had not actually seen either of the vehicles or the boat and trailer, but had examined photographs of them taken shortly after the accident. We do not find that any proper objection was made concerning the weights of the cars, boat and trailer, as testified to by Bentley. Nor was

there proper objection or motion to strike his opinion as to various matters because of the testimony relating to such weights. Appellant argues here that he was allowed to have a continuing objection to the testimony of Bentley. The record reflects that shortly after the voir dire examination of Bentley by counsel for appellant, and after the trial court ruled that he could testify as an expert, counsel for appellant made the following request:

"Your Honor, just for the record, I would like a continuing objection that he isn't an expert."

The court responded by saying:

"All right, you can have that as a running objection to all his testimony."

It thus appears that by this objection, and others, appellant properly preserved his contention that Bentley was not shown to be qualified to testify as an expert, which contention we have overruled. However, appellant's position concerning the alleged assumption of facts not in evidence and the same being used as a basis or partial basis for Bentley's opinion evidence is not well taken and objections on such basis were waived. Seymour v. Texas & N. O. R. Co., 209 S.W.2d 814 (Tex.Civ.App., El Paso, 1947, writ ref.). Aside from this, it appears that the witness was probably qualified to give substantially reliable estimates of the weights involved, and that harmful error is not shown. Although Bentley testified that he had read the deposition of the defendant, there is no showing that he used any of the matters contained therein in connection with his testimony. Appellant's point 1 is overruled.

Appellant's points 2, 3 and 4 are all multifarious. However, there are additional reasons why they do not present reversible error.

■ Appellant's point No. 2 complains of the submission of special issues 12 and 13 over his objections. The point is not well taken for the reason that appellant's objections to the charge of the court, including those made to special issues 12 and 13, were not properly preserved for review. The record reflects that prior to submission of the case to the jury counsel for appellant dictated several objections to the charge of the court, later transcribed by the court reporter and included in the statement of facts, which was approved by counsel but not the trial judge. There is no showing that such transcribed objections were ever presented to the tral judge so that he could endorse his ruling and official signature thereon as is required by Rule 272, Texas Rules of Civil Procedure. See Big Three Welding Equipment Company v. Roberts, 399 S.W.2d 912 (Tex.Civ.App., Corpus Christi, 1966, wr. ref., n. r. e.); Maryland Casualty Co. v. Golden Jersey Creamery, 389 S.W.2d 701 (Tex.Civ.App., Corpus Christi, 1965, wr. ref., n. r. e.); Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S.W.2d 395 (Tex.Civ.App., Corpus Christi, 1964, wr. ref., n. r. e.). We cannot consider appellant's point 2 involving the alleged objections to the charge of the court under these circumstances. In addition, the findings on special issues 12 and 13, which involve appellee's defensive issues, are immaterial to disposition of this appeal in the absence of liability having been established against appellee. Appellant's point 2 is overruled.

Appellant's point No. 3 asserts in substance that the submission of special issues 14 and 15 (the emergency issues) was improper and that they did not contain proper elements as shown by his objections to them; and that the evidence was legally and factually insufficient to support their submission. The point is not well taken for the same reasons given in connection with point No. 2. Under these conditions it is not necessary to discuss the absence of a related special issue concerning sole proximate cause. See Missouri Pacific Railroad Company v. Young, 403 S.W.2d 898 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.). Appellant's point 3 is overruled.

Appellant's point No. 4 asserts that the jury answers to twelve special issues (five of which were conditionally submitted and not actually answered) are against the overwhelming and great weight of the evidence. The point is multifarious and will not be considered by us. See Johnson-Sampson Const. Co. v. W. & W. Waterproofing Co., 274 S.W.2d 926 (Tex.Civ. App., Amarillo, 1953, wr. ref., n. r. e.); Appellate Procedure in Texas, Section 12.4(4). In addition, there was no proper ground of appellant's motion for new trial which would serve as a predicate for review of the point, the single ground asserted in such motion being too broad. See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960); Big Three Welding Equipment Company v. Roberts, 399 S.W.2d 912 (Tex.Civ.App., Corpus Christi, 1966, wr. ref., n. r. e.).

The judgment of the trial court is affirmed.