**BLACKMON & ASSOCIATES, INC.,**
Appellant,

v.

**PALMER BUILDING SUPPLIES & SPE-
CIALTIES, INC., Appellee.**

No. 573.

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 28, 1971.

Rehearing Denied Feb. 25, 1971.

Christopher, Bailey & Taylor, M. Ward Bailey, Fort Worth, Kelley, Looney, McLean & Alexander, Ralph Alexander, Edinburg, for appellant.

Jones & Flores, J. Perry Jones, McAllen, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment in favor of appellee, Palmer Building Supplies & Specialties, Inc., in a consolidated suit on sworn account against appellant, Blackmon & Assoc., Inc., the foreclosure of a materialman's lien on certain lands in the City of Mercedes, Texas, owned by La Merced Charitable Trust, and the foreclosure of a materialman's lien on certain lands in the City of Mission, Texas, owned by El Rosario Charitable Trust. Both La Merced Charitable Trust and El Rosario Charitable Trust were defendants in the trial court but, according to the record before us, neither filed an answer nor made any appearance and neither perfected an appeal from the judgment rendered. Execution of the judgment was suspended by the timely filing of a proper supersedeas bond by the appellant, Blackmon & Assoc., Inc., as provided by Rules 364 and 368, Texas Rules of Civil Procedure.

Appellant was the general contractor for the construction of 100 houses in Mission, Texas owned by El Rosario Charitable Trust, and for the construction of 100 houses in Mercedes, Texas, owned by La Merced Charitable Trust. Appellee, a corporation, agreed to furnish appellant, also a corporation, certain building materials in connection with the construction of the above mentioned houses. The materials so furnished were worth approximately $500,000.00 and difficulties and disputes between appellant and appellee arose, resulting in the filing by appellee against appellant of four separate suits in sworn account in the aggregate sum of $46,348.39, representing the balance allegedly due upon the purchase price of certain materials furnished appellant in the construction of said houses, and for attorney's fees in the total sum of $12,300.00. Appellee's petitions alleged that on various dates (shown by the itemized, verified statement of accounts attached to its petitions, totalling 120 exhibits) it furnished certain materials to Blackmon & Assoc. Inc., in connection with the construction of the houses. Attached to each petition is an affidavit executed by the President of Palmer Building Supplies & Specialties, Inc. that the claim is just and true, that the same is due, and that all lawful offsets, payments and credits have been allowed. The appellant, Blackmon & Assoc., Inc., filed a sworn denial in each case, alleging, in effect, that the account was not just, true or correct because (1) proper purchase orders were not issued by it prior to delivery to the job site of the materials evidenced by the exhibits, (2) the accounts evidenced by certain exhibits were in excess of purchase orders issued by it, and (3) the accounts evidenced by some exhibits were part of special contracts or "package deals" that should not have been charged or billed separately; in addition to the sworn denials, Blackmon & Assoc., Inc. asserted offsets and counterclaims to the accounts and a cross action in two of the suits. The cross actions were dismissed by ap-

pellant prior to the time it rested its defense.

All four of the suits were, with the consent of both appellant and appellee, consolidated and the consolidated case proceeded to trial before the court and jury. At the close of the evidence, the trial court submitted two special issues to the jury, which were answered, in substance, as follows: (1) the sum of $46,288.43 was found to be due and owing appellee by appellant for materials and labor furnished after allowing all proper offsets, counterclaims, credits and payments found to exist in favor of appellant, and (2) the sum of $12,000.00 was found to be the reasonable value of services rendered appellee by its attorneys. Based on the jury verdict, judgment was rendered for appellee against appellant in the sum of $58,288.43, and the materialman's lien asserted against the lands owned by La Merced Charitable Trust and the materialman's lien asserted against the lands owned by El Rosario Charitable Trust were foreclosed. Appellant has timely perfected its appeal. We affirm the judgment.

Appellant's brief contains fifteen points of error, none of which present reversible error because: (1) Points of Error Nos. 1 to 12, both inclusive, constitute objections to the court's charge which were not preserved for review, (2) Points of Error Nos. 13 and 14 assert error because *the trial court refused to submit appellant's requested special issues 1 and 2* as set out in appellant's objections to the court's charge which were not preserved for review, and (3) Point of Error No. 15 is multifarious.

■ The transcript contains an instrument filed with the clerk which recites that after the close of the evidence counsel for appellant dictated certain objections to the charge of the court. However, the record does not anywhere show that such transcribed objections were presented to the trial judge so that he could endorse his ruling and official signature thereon

as is required by Rule 272, T.R.C.P. In this state of the record, appellant's objections to the charge of the court are not properly preserved for review. This rule (272, T.R.C.P.) specifically states that " * * * The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and *official signature endorsed thereon and filed with the clerk in time to be included in the transcript. * * * *"* (Emphasis supplied). Appellant's late tender of the transcribed objections without the official signature endorsed thereon is not a sufficient compliance with the rule. Garza v. Anderson, 417 S.W.2d 368 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); Kettle v. Smircich, 415 S.W.2d 935 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); Big Three Welding Equipment Company v. Roberts, 399 S.W.2d 912, 918 (Tex.Civ.App., Corpus Christi, 1966, wr. ref. n. r. e.); Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S.W.2d 395, 397 (Tex.Civ.App., Corpus Christi, 1964, wr. ref. n. r. e.); Charter Oak Fire Insurance Company v. Perez, 446 S.W.2d 580, 582 (Tex.Civ.App., Houston 1st, 1969, wr. ref. n. r. e.); Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Tex.Civ.App., Beaumont, 1953, n. w. h.). We cannot consider appellant's Points of Error Nos. 1 to 12, both inclusive, involving the alleged objections to the charge of the court under these circumstances. Appellant's Points of Error Nos. 1 to 12 are overruled.

■ Appellant's Points of Error Nos. 13 and 14 contend that the trial court erred in refusing to submit appellant's requested special issues 1 and 2 as set out on pages 8 and 9 of its alleged objections to the court's charge. These points are without merit. Irrespective of whether the alleged objections to the charge of the trial court

were properly preserved for review, the appellant never at any time made a proper request for the submission of these two special issues and therefore waived the same. The only request made was contained in the alleged objections to the court's charge. Rule 273, T.R.C.P., is explicit in its requirement that issues requested must be made separately and apart from the party's objections to the court's charge; such was the holding in the very recent case of Avant v. Gulf Coast Investment Corporation, 457 S.W.2d 134 (Tex.Civ. App., Dallas, 1970, n. w. h.); we follow the rule announced therein. See also Cudmore v. Richardson-Merrell, Inc., 398 S.W. 2d 640, 645 (Tex.Civ.App., Dallas, 1966, wr. ref. n. r. e., cert. denied, 385 U.S. 1003, 87 S.Ct. 705, 17 L.Ed.2d 542). Appellant's Points of Error Nos. 13 and 14 are overruled.

 Appellant's Point of Error No. 15 reads as follows:

*"No. 15*

The Court erred in refusing to submit Appellant's requested defensive Special Issue Nos. 1 through 90 (Germane to Ground XXXXIII Motion for New Trial)."

We consider the point as being multifarious and too general to be considered by this Court on appeal. It does not comply with the requirements of Rule 418, T.R.C.P. The requested special issue No. 1 inquires into whether Blackmon & Assoc., Inc. had an agreement or understanding with Palmer Building Supplies & Specialties, Inc. concerning the delivery of materials prior to the issuance of a purchase order and the next 45 special issues were conditionally submitted and were to be answered only if special issue No. 1 was answered in the affirmative; the remaining 44 special issues inquired as to whether specific invoices should have been separately invoiced and charged, or whether certain charges as reflected by specific invoices were made without proper au-

thority, or whether certain specific invoices were paid, or whether Palmer Building Supplies & Specialties, Inc. failed to deliver materials of the grade and quality specified by specific purchase orders, or whether Palmer Building Supplies & Specialties, Inc. failed to complete certain contracts, or whether the owners of the construction projects reduced· the amount of money paid to the general contractor by reason of the grade and quality of the materials furnished, or whether appellant suffered any loss by reason of appellee's alleged actions, and made many other inquiries, too numerous to mention. Clearly, appellant's Point of Error No. 15 is multifarious and presents no specific complaint for review. Holzapfel v. Brueggman, 404 S.W.2d 916, 919 (Tex.Civ.App., Corpus Christi, 1966, wr. ref. n. r. e.), and the cases therein cited; Flock v. Kelso, 366 S.W.2d 698 (Tex.Civ.App., Amarillo, 1963, n. w. h.); Tatton v. Aransas County, 359 S.W.2d 200 (Tex.Civ.App., San Antonio, 1962); Kettle v. Smircich, supra; Tindall v. Tacconelly, 328 S.W.2d 909, 911 (Tex. Civ.App., San Antonio, 1959, wr. ref. n. r. e.); Appellate Procedure in Texas, Section 12.4(4). Although we are mindful of the policy of appellate courts to indulge a liberal construction in favor of the sufficiency of a point of error, the statement and argument under the point is not sufficient to remove the obvious defects in this point of error. In deciding as we do, that the point on appeal complaining of the failure to submit 90 special issues is multifarious and too general to direct our attention to the error complained of by appellant, we have tested the sufficiency of the point in line with the rule which requires us to look also to the statement and argument under the point. Tindall v. Tacconelly, supra; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943). In the statement and argument under this point appellant contends that the trial court committed reversible error in refusing to submit appellant's requested defensive issues but does not, either in its statement or argument, direct the attention

of this Court to any particular issue or to any particular error; the effect of such a broad and general point is to simply assert that the trial court committed reversible error in this instance. The record in this case consists of 1068 pages of testimony and 430 exhibits; the rule (418, T.R.C.P.) requires a point to refer to "the error relied upon"; here, the single point directs our attention to 90 alleged errors and there is no discussion of any law pertaining to any single issue and no reference is made to the statement of facts or exhibits in support of this point. That such point does not comply with the briefing rules has been decided in a number of cases, including Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); Isenhower v. Bell, 365 S.W.2d 354, 358 (Tex.1963); Holzapfel v. Brueggman, supra; Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197, 201 (1955). In addition, there was no proper ground of appellant's motion for new trial which would serve as a predicate for review of the point, the ground asserted in such motion being in the identical language used in the point itself and thus being too broad. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960); Big Three Welding Equipment Company v. Roberts, supra; Kettle v. Smircich, supra. Appellant's Point of Error No. 15 is overruled.

For the reasons stated, the charge of the court has been considered by us as though no objections were made to it. The trial court submitted only the ultimate issues as to facts which were in dispute, and after reviewing the evidence, we find that there is ample evidence to support the findings of the jury on each of the two issues submitted. Error is not presented on account of such alleged objections to the court's charge or because of the trial court's refusal to submit appellant's requested 90 special issues.

The judgment of the trial court is affirmed.